Nash, J.
 

 In the opinion of his Honor below we entirely concur. If any doubt rested upon our minds as to the facts of this case, and as to the legal and equitable principles resulting from them, we should continue the injunction to the hearing. But we have no such doubt. To us it is clear the plaintiff is not entitled to the aid of this Court. The plaintiff’s claim to come into a Court of Equity rests upon the grounds, that the title to the negroes is still in him, because the order was not paid by Thomas, agreeably to the contract, and the insolvency of Raper and the danger of permitting the proceeds of the sale of the negroes to get into his, Raper’s, hands. Whe
 
 *480
 
 ther he can ultimately, either at law or in equity, recover from Raper the price of the negroes, does not now come before us. Our only enquiry is, as to the correctness of the interlocutory order made by the presiding Judge, and of this we must judge from the bill and answer and exhibits.
 

 The case is simply this. The defendant Raper, on the 18th of March, 1844, made a conditional bargain with the plaintiff for the purchase of three negroes — a man and his wife and their child, about ten years of age, for which he was to give the large sum of $2,000. Raper drew an order of the same date upon William H. Thomas, who lived at the city of Washington, for that amount. Upon its presentment on the 29th of April succeeding, Thomas declined paying it. In the written agreement between the parties, it was stipulated, that, if Raper would by any means enable the plaintiff Love to recover the sum of $2,000 from Thomas, the negroes should be his; if not, that the sale should be void and of no effect. That is, as we understand it, if he should furnish Love with evidence sufficient to compel Thomas to pay it, the sale should be valid. The agreement is evidently drawn by one little conversant with legal proceedings, and. we are in no manner sure we have put upon it a proper construction. If so, the sale became absolute, and the legal title to the negroes vested in the defendant, by the subsequent
 
 laches
 
 of the plaintiff, as every thing had been done by the defendant which it was necessary for him to do. But the plaintiff says the order was not paid by Thomas, who had no funds of the defendant, wherewith to discharge it, and that it was received by him conditionally. All' this is true, as admitted by the defendant, except as to the want of funds by Thomas. The enquiry remains, whether, under the fact disclosed in the bill and answers, the defendant has not a right to consider the bill of exchange, which was the price of the negroes, as paid, and, so, the conditional sale become absolute.
 
 *481
 
 Thomas was the agent of Raper to receive, from the Government of the United States, moneys due to him; and the written agreement states, that the fund, upon which the order was drawn was
 
 “part
 
 of an amount of money
 
 received
 
 by Wm. H. Thomas from the United States” for Raper. The bill charges that Thomas refused to accept the bill, because he had no funds of Raper’s in his hands. The endorsement of Mr. Clingman upon the order, which is by the plaintiff made a part of his bill, simply states that he declined paying it, without assigning any reason, and the answer avers that he had ample funds of the defendant in his hands. It was the duty of the plaintiff, as soon as he eould, conveniently after receiving the order, to have it presented to Thomas for his acceptance, and upon his refusal to do so, it being a foreign bill, to have it protested, and within a reasonable time to notify the drawer, and that he looked to him for the payment of it. This is said to be a part of the constitution of a foreign bill, that is, according to the law merchant, it is a part of the contract,
 
 Chitty on Bills
 
 229 ; and a consequence of a failure to have the bill protested, and giving notice in due time to the person entitled to object to the want of it, is, that he is discharged from his liability on it,
 
 Chitty
 
 248.
 
 Austin
 
 v.
 
 Rodman,
 
 1 Hawks 194.
 
 Yancy
 
 v.
 
 Littlejohn,
 
 2nd Hawks 525. It is not pretended that the bill was protested, and, as to notice of nonacceptance, the plaintiff charges, that,- shortly after the refusal of Thomas he gave Raper notice — within what time he does not state. The answer alleges that notice was not given until the Spring or Fall Term, 1846,'of Cherokee Su1 perior Court, two years after the order was drawn. If this be so, and for the purposes of our present enquiry we must consider it true, then, most unquestionably, the plaintiff has by his
 
 laches
 
 discharged the defendant, Raper, from all liability on the order, and this upon the ground, that, by his negligence, he has made the order his own, and taken Thomas for his paymaster in the place of Raper 5
 
 *482
 
 of this, the non-protesting of the bill is strong evidence. By so doing he has made the sale absolute. The answer is strengthened by the statement of the bill. It alleges) that, shortly after the plaintiff had given notice to the defendant, he received a letter from Thomas, that he had in his hands large claims against the United States in behalf of the defendant, which he had no doubt he should receive, and when received he would retain a sum sufficient to pay the order. It was this letter, doubtless, which caused the plaintiff to rest so long upon his claim. The refusal of Thomas to pay the order entitled the plaintiff to rescind the contract, but that he did not desire. The price to be given for the negroes was a very large one, and he chose to run the risque of getting his money from Thomas; in other words, to take him for the debt; and, not until Thomas became insolvent, did he notify the defendant that he was looked to for payment. Having made his choice, he must abide by it. All this we gather from the bill and answers, and the plaintiff is not entitled to the equitable relief he seeks.
 

 There is no error in the interlocutory decree appealed from. This opinion must be certified to the Court of Equity of Iiaywood County.
 

 Per Curiam.
 

 Ordered accordingly.